UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEON PARRISH MARSHALL, #1072590,

        Petitioner,

v.                                                       Action No. 2:21cv237

HAROLD W. CLARKE,
Director of the Virginia Department
of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on a *pro se* petition for a writ of habeas corpus filed by Virginia inmate, Leon Parrish Marshall ("Marshall") pursuant to 28 U.S.C. § 2254. ECF No. 1. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that Marshall's petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** to Marshall's right to present his claims after obtaining an order from the United States Court of Appeals for the Fourth Circuit.

On April 29, 2021, Marshall submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2001 convictions in the Circuit Court for the County of Lunenburg for rape and two counts of aggravated sexual battery. ECF No. 1, at 2; *see Commonwealth v. Marshall*, Nos. CR00000106-00, CR00000108-00, CR00000162-00 (Va. Cir.

Ct. June 4, 2001). Marshall was sentenced on June 4, 2001, to 15 years in the Virginia penal system. *Commonwealth v. Marshall*, Nos. CR00000106-00, CR00000108-00, CR00000162-00 (Va. Cir. Ct. June 4, 2001). Marshall asserts his counsel was ineffective due to his failure to state the specific grounds for his motion to set aside the verdict, thereby failing to preserve Marshall's right to challenge the sufficiency of the evidence on appeal. ECF No. 1, at 3–5.

Marshall has previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging the same convictions. On September 14, 2006, Marshall filed a petition alleging three grounds of ineffective assistance of counsel. *Marshall v. Johnson*, No. 2:06cv515 (E.D. Va. July 10, 2007), ECF No. 1. The petition was denied and dismissed on July 10, 2007. *Id.*, ECF Nos. 14, 15. The United States Court of Appeals for the Fourth Circuit dismissed Marshall's appeal of the decision on October 19, 2007. *Id.*, ECF Nos. 19–21.

Marshall's current petition, which seeks relief from the same 2001 convictions, is a successive section 2254 petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This Court has not received an order from the Court of Appeals for the Fourth Circuit authorizing the consideration of Marshall's successive application for a writ of habeas corpus, nor does it appear from the petition that Marshall has moved for such an order. Therefore, this Court may not consider Marshall's application for a writ of habeas corpus.

It is therefore **RECOMMENDED** that Marshall's federal petition be **DISMISSED WITHOUT PREJUDICE** to Marshall refiling his federal petition after obtaining an order authorizing the filing of a successive petition from the Court of Appeals for the Fourth Circuit.

## REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 21, 2021

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Leon Parrish Marshall, #1072590
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

Fernando Galindo, Clerk

By /s/ J.L. Meyers
       Deputy Clerk

July 21, 2021